# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2019 MAY 29 P 3: 42

DEPUTY CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19CR95-GZS |
| | ) (18 U.S.C. § 664) |
| MELISSA ANN GREENLAW | ) |
| (a/k/a MELISSA BELANGER) | ) |
| (a/k/a MELISSA MOORE) | ) |

## GOVERNMENT'S PROSECUTION VERSION

The United States of America, by and through F. Halsey Frank, United States Attorney for the District of Maine, and Daniel J. Perry, Assistant United States Attorney, hereby states that if this case went to trial, the Government would prove beyond a reasonable doubt the following:

### Count One

From at least around February 1, 2014 until May 13, 2014, in the District of Maine and elsewhere, the defendant Melissa Ann Greenlaw (a/k/a Melissa Belanger and Melissa Moore), unlawfully, willfully, and knowingly, did embezzle, steal, abstract, and convert to her own use and to the use of another, monies, funds, securities, premiums, credits, property, and other assets of an "employee welfare benefit plan or employee pension benefit plan", as that term is defined in Title 18, United States Code, Section 664, and of a fund connected therewith, to wit, instead of remitting money withheld from employee salaries to an employee retirement savings plan as required by applicable law and regulation, Greenlaw, a fiduciary of that employee retirement savings plan, retained that money in a company bank account, which money was then used for corporate and personal expenses.

1

Specifically:

1.  H.C. Watson Corporation d/b/a Interim HealthCare, ("HCW" or the "Company"), was a New York corporation registered to do business in Maine, Massachusetts, Rhode Island and New York, and had an office and place of business at 72 Atlantic Place, South Portland, Maine. The Company was a privately held corporation that provided home health care services and was engaged in commerce and industries and activities affecting commerce.

2.  The H.C. Watson Corp. Deferred Savings and Profit Sharing Plan (the "Plan") was an employee benefit plan established and maintained by the Company and was subject to the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA").

3.  The Plan is a defined contribution and 401(k) deferral plan whose purpose is to enable participants, HCW employees, to save for retirement and the Plan is designed to provide retirement benefits for the exclusive benefit of its participants and their beneficiaries.

4.  The Plan is funded by amounts withheld from qualifying employee paychecks as contributions to the Plan, in accordance with each participant's election, and by discretionary employer matching or qualified non-elective contributions. Employees contribute to the Plan through weekly or biweekly salary withholdings. Plan participants are fully vested in employee contributions, rollover contributions, qualified non-elective contributions, and any earnings thereon. The Plan also provides for participant loans.

5.  Defendant Greenlaw was Vice President of Operations at HCW from around July 1, 2011, until at least May 13, 2014 and was in charge of handling and overseeing the day-to-day operations of HCW.  In addition to being a named fiduciary of the Plan, as part of her corporate duties, Defendant Greenlaw determined which payments were made on a weekly or biweekly

2

basis and determined how much would be sent to Fidelity Investments from the amount of funds withheld from employee contributions.

6. From at least February 1, 2014 until May 13, 2014, in the District of Maine and elsewhere, monies were withheld from HCW employee paychecks for deposit in the Plan.

7. From around February 1, 2014 until at least May 13, 2014, in the District of Maine and elsewhere, defendant Greenlaw failed to ensure that withheld employee contributions and loan repayments, as assets of the Plan, were properly forwarded to the Plan's accounts. Defendant Greenlaw instead chose to keep the monies in HCW's business operating checking account, in order to help satisfy the obligations of HCW, which was struggling financially, and for other purposes unrelated to the Plan.

8. Several witnesses would testify that another HCW employee prepared a spreadsheet on at least a weekly basis that outlined a list of HCW's expenses. The spreadsheet contained a line item for the amount owed to the 401(k) plan for a particular week. Greenlaw would review this spreadsheet and determine which expenses were to be paid. Greenlaw made the amounts due to the 401(k) Plan a lower priority than other HCW payables which included not only HCW payroll, but bonus payments, vehicle allowances, and expense reimbursements for herself and an owner of HCW. As a result, the obligation due to the 401(k) Plan often was not paid.

9. Review of HCW bank, payroll, and wage records, as well as, other financial banking records, indicate that Greenlaw received the following amounts from HCW in 2014:

      a. January - $29,861.23

      b. February - $6,732.43

        c.      March - $36, 162.98

        d.      April - $14, 001.31

        e.      May (through May 15) - $8582.36

10.    From February 1, 2014 through May 9, 2014, only $12,259.86 of the total outstanding employee withholdings was forwarded by the Company to the 401(k) Plan. An additional $7,063.76 in employee withholdings was collected by the Company and not forwarded to the 401(k) Plan.

11.    The total principal amount of loss the Plan suffered because of the wrongful conversion of employee contributions and payments from February 10, 2011 through May 16, 2014 was $133,212.36 consisting of $106,040.08 in employee contributions and $27,1272.28 in loan repayments.

Dated: May 29, 2019

                                            Respectfully submitted,

                                            F. Halsey Frank
                                            United States Attorney

                                            Daniel J. Perry, Jr.
                                            Assistant United States Attorney